LEE W. FOREMAN v. STATE OF MISSISSIPPI.

[48 South. 611.]

CRIMINAL LAW AND PROCEDURE. *Indictment. Embezzlement. Amendment. Continuance. Surprise.*

Where an indictment, charging the defendant with having embezzled the funds of a designated lodge of which he was an officer, was amended pending the trial so as to charge that he had embezzled the funds of another and distinct society of which he was an agent, it was error to deny defendant's application for a continuance on the ground of surprise.

FROM the circuit court of Sharkey county.

HON. JOHN N. BUSH, Judge.

Foreman, appellant, was indicted for and convicted of embezzlement and appealed to the supreme court. The facts are stated in the opinion of the court.

*W. E. Mollison,* for appellant.

The true test to determine whether an amendment is of form or substance is: Would a different defense be necessary in one case from what would apply to the other? Applying this test Foreman was charged with being secretary of B. K. Bruce Lodge and as such received one dollar from each member, his defense would have been that he received no money for and on behalf of the lodge. As amended this defense to the indictment would have been inapplicable if not ridiculous. It could not have been availed of and evidence in support of it would have been excluded as irrelevant.

The amendment was a new indictment in truth and in fact. The court should not have permitted it.

But the most fatal error is founded in the record where, after permitting the amendment which changed the very nature of the charge as well as of the defense, the court refused to con-

tinue or reset the trial of the cause, denying, unintentionally of course, the opportunity to make defense. Of course the defendant announced through his counsel that he could not make defense.

*George Butler,* assistant attorney-general, for appellee.

It will be seen that the only effect of the amendment was to charge that, as secretary of the lodge, appellant was agent of the benefit association. It did not change or assume to change the allegation of the ownership of the fund, or alter appellant's relation to the fund. The offense was the same under the original and the amended indictment, and in this view, I think the amendment was harmless.

The indictment alleges that appellant was secretary of B. K. Bruce Lodge of Colored Odd Fellows, whose real name is to the grand jurors unknown, located at Edgermont, in said county. Doubtless the prosecuting attorney and the grand jury had receipts offered in evidence before them when the indictment was voted and drawn up. This, along with the testimony of the witness did not make it clear, what was the proper appellation of the organization of which he was secretary. Therefore, when with the assistance of counsel for the defense, it was made to appear that he was secretary of B. K. Bruce Lodge of Odd Fellows, and as such agent of Odd Fellows Benefit Association, was it not proper to amend the indictment so as to properly allege for whom he was acting in receiving the funds?

FLETCHER, J., delivered the opinion of the court.

This appellant was indicted for embezzling certain funds which came into his hands as "secretary of the B. K. Bruce Lodge of Colored Odd Fellows." On the trial it was developed by the testimony that it was appellant's duty to collect these funds and remit them to the secretary of the "Odd Fellows' Benefit Association of Mississippi;" this latter organization being somewhat distinct in its organization and objects from the

Odd Fellows lodge proper. Thereupon the court, over the objection of defendant, permitted the state to amend the indictment so as to charge that Foreman was "agent of the Odd Fellows' Benefit Association of Mississippi." Appellant's counsel, insisting that the amendment made a new case and that he was thereby taken by surprise, and was unprepared to make defense, asked that the case be continued.

We think it was fatal error to deny this request. It is manifest that the amendment did make a new case, and reasonable opportunity should have been given defendant to meet the changed aspect of affairs. Indicted for embezzling funds received as an officer of one society, he was tried for embezzling funds received as an officer of another, toward which he sustained a different attitude and in regard to which he owed a different duty. Since the case must be reversed, we here express grave doubts as to the propriety of the amendment, and suggest that a new indictment be secured, which will correctly describe appellant's attitude toward the funds collected and contain proper averments as to the ownership of the moneys alleged to have been misappropriated.

*Reversed and remanded.*